**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**PHILLIP DEWAYNE STEWART** **PLAINTIFF**
**ADC #151956**

**v.** **Case No. 4:21-CV-01241-LPR**

**ASA HUTCHINSON, et al.** **DEFENDANTS**

**ORDER**

Plaintiff Phillip Dewayne Stewart was incarcerated at the Ouachita River Unit of the Arkansas Division of Correction at the time he filed this civil action on December 29, 2021. He filed both a *pro se* Complaint and a Motion for Leave to Proceed *In Forma Pauperis*.[1] Mr. Stewart's claims concerned the taking of his federal stimulus funds pursuant to Arkansas Act 1110 of 2021.[2]

On January 4, 2022, Mr. Stewart's case was consolidated with several other similar cases in the master docket in *Hayes v. Rutledge*.[3] Before Mr. Stewart's case was consolidated, this Court had administratively stayed all of the consolidated member cases pending resolution of three representative test cases.[4] Upon consolidation, Mr. Stewart's case was also stayed.[5] Because Mr. Stewart's case was stayed, the Court did not rule on Mr. Stewart's IFP Motion or screen his Complaint in accordance with the mandates of the Prison Litigation Reform Act (PLRA).[6]

---

[1] IFP Motion (Doc. 1); Compl. (Doc. 2).

[2] Compl. (Doc. 2).

[3] Order (Doc. 3).

[4] *Hayes v. Rutledge*, No. 4:21-cv-00347 (Doc. 254) [*hereinafter Hayes Master Docket*].

[5] *Id.* (staying all cases and motions "currently pending . . . or that are in the future transferred to or placed on the Master Docket . . . pending the resolution of the" three test cases).

[6] 28 U.S.C. §§ 1915A, 1915(e)(2)(B).

On March 16, 2022, the Court entered a final Order and Judgment in the three test cases.[7] The same day, the Court administratively terminated each of the member cases, including this one.[8] Mr. Stewart was advised that he could move to reopen his case after ninety days to adjudicate any claims he believed were still live before the Court. On June 22, 2022, Mr. Stewart filed a Motion to Compel in this closed case, asking this Court to mandate Defendants' compliance with its Order of March 16, 2022.[9] Because Mr. Stewart is proceeding *pro se*, the Court liberally construes his filing as a motion to reopen his case for the purpose of seeking relief from the Court.[10] The Motion is GRANTED in part. The case is reopened. Mr. Stewart's remaining requests are held in abeyance. For the reasons discussed below, the Court denies Mr. Stewart's IFP Motion. Mr. Stewart has 30 days from the date of this Order to pay the full filing fee, or his case will be dismissed.

An inmate seeking *in forma pauperis* status must submit an "affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action . . . and affiant's belief that the person is entitled to redress."[11] An inmate seeking *in forma pauperis* status also must submit a Calculation of Initial Payment of Filing Fee sheet, prepared and signed by an authorized official of the detention facility, and "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official" of the facility where the inmate is confined.[12]

---

[7] *Hayes Master Docket* (Docs. 422 & 423).

[8] Order (Doc. 6).

[9] Mot. to Compel (Doc. 8).

[10] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[11] 28 U.S.C. § 1915(a)(1).

[12] *Id.* § 1915(a)(2).

Mr. Stewart did not submit the required affidavit or statement of assets. His IFP Motion is incomplete and therefore denied.

Moreover, the PLRA provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[13] Prior to filing this lawsuit on December 29, 2021, Mr. Stewart filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted.[14]

A plaintiff with "three strikes" may proceed *in forma pauperis* only if he falls under the "imminent danger" exception to the three strikes rule.[15] Thus, even if Mr. Stewart were to fully complete an IFP Motion, he would also have to establish that he was in imminent danger of serious physical injury at the time he filed his Complaint.[16] Mr. Stewart's pleadings do not indicate he was in imminent danger at the Ouachita River Unit at the time he filed his Complaint. Accordingly, the imminent danger exception would not apply.[17] Therefore, this case will be dismissed unless Mr. Stewart pays the full filing fee ($402) within thirty (30) days of the date of this Order.

---

[13] 28 U.S.C. § 1915(g).

[14] *See Stewart v. Griffen*, 4:17-cv-00579-BRW (E.D. Ark.); *Stewart v. Hobbs*, 5:13-cv-00381-JLH (E.D. Ark.); *Stewart v. Evans*, 5:16-cv-00081-DPM (E.D. Ark.).

[15] *See* 28 U.S.C. § 1915(g); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998).

[16] *See Ashley,* 147 F.3d at 717 (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

[17] *Id.*

IT IS THEREFORE ORDERED that:

1. Mr. Stewart's Motion to Compel (Doc. 8) is granted in part and held in abeyance in part. This case is reopened.

2. Mr. Stewart's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 1) is denied.

3. Mr. Stewart must pay the $402 filing fee within thirty (30) days from the date of this order, or his case will be dismissed pursuant to Local Rule 5.5(c)(2).[18]

IT IS SO ORDERED this 27th day of July 2022.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

[18] Local Rule 5.5(c)(2) provides:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.